IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

JASON CUNNINGHAM, INDIVIDUALLY AND AS
ADULT NATURAL SON AND SOLE WRONGFUL DEATH BENEFICIARY
AND NEXT OF KIN, AFFIANT AND ADMINISTRATOR AD LITEM
AND PERSONAL REPRESENTATIVE FOR
NANCY JANE LEWELLYN, DECEASED AND
ESTATE OF NANCY JANE LEWELLYN

       **Plaintiff,**

VS.                      CIVIL ACTION NO.: _____

                                            **JURY DEMANDED**

**SHELBY COUNTY, TENNESSEE,**
**SHERIFF WILLIAM OLDHAM,**
**AND ROBERT PASCHAL, INDIVIDUALLY AND IN**
**HIS OFFICAIL CAPACITY AS A SHELBY COUNTY SHERIFF'S DEPUTY**
**AND MARVIN WIGGINS, INDIVIDUALLY AND IN HIS OFFICIAL**
**CAPACITY AS A SHELBY COUNTY, SHERIFF'S DEPUTY**

       **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Jason Cunningham, Individually and as Adult Natural Son and Sole Wrongful Death Beneficiary, Next of Kin, Affiant, Administrator Ad Litem and Personal Representative for Nancy Jane Lewellyn, Deceased and Estate of Nancy Jane Lewellyn and for good cause alleges the following cause of action against the Defendants, both jointly and severally and would respectfully state and allege as follows:

1

Plaintiff files this action pursuant to all applicable laws, including but not limited to the 42 U.S.C. Section 1983, Fourth Amendment to the United States Constitution and the Tennessee Wrongful Death Statute.

**JURISDICTION AND VENUE**

1. This Honorable Court has concurrent jurisdiction for any action arising out of violations of 42 U.S.C. Section 1983 and this action is brought pursuant to 42 U.S.C. Section 1983 and the Fourth Amendment to the United States Constitution.

2. Venue is proper before this Honorable Court because this cause of action arose within Shelby County, Tennessee.

**PARTIES**

3. Plaintiff Jason Cunningham is an adult resident citizen of Shelby County, Tennessee and is the adult natural son and Sole Wrongful Death Beneficiary of Nancy Jane Lewellyn, Deceased and was so at all relevant times to this Complaint.  Plaintiff Jason Cunningham, Individually and as Affiant, Administrator Ad Litem and Personal Representative for Nancy Jane Lewellyn, Deceased and Estate of Nancy Jane Lewellyn and on behalf of all wrongful death beneficiaries of Nancy Jane Lewellyn, Deceased is the proper party to file this Wrongful Death lawsuit pursuant to T.C.A. Section 20-5-101 et seq. including but not limited to Sections 20-5-106 and 2-5-107 and any other applicable law.  Plaintiff Jason Cunningham is bringing this

action for the Wrongful Death and the constitutional violations suffered by Nancy Jane Lewellyn, Deceased on or about March 17, 2017 which were intentionally and unlawfully caused by Defendants when Nancy Lewellyn was shot no less than seven (8) times by Defendants Robert Paschal and Marvin Wiggins, with no less than four (4) shots to her back by Defendants Robert Paschal and Marvin Wiggins and ultimately died from her injuries on March 17, 2017.

4. Nancy Jane Lewellyn, Deceased was an adult resident citizen of Shelby County, Tennessee at all relevant times to this Complaint, up to the date of her death on March 17, 2017.

5. Defendant Shelby County, Tennessee is a political subdivision of the State of Tennessee, created pursuant to Article 7, Section 1 of the Tennessee Constitution and existing by virtue of the Charter of Shelby County.  The Shelby County Sheriff's Office is a division of the Shelby County government.  Sheriff William Oldham is the elected Sheriff of Shelby County, Tennessee and was so at all relevant times to this Complaint.

6. Defendant Shelby County is the entity charged by laws of the State of Tennessee with authority to operate and maintain a law enforcement agency known as the Shelby County Sheriff's Office for which it employs various officers, detectives and other personnel.  Defendant Shelby County is under a duty to ensure its policing activities are operated in a lawful manner so as to preserve the peace of Shelby County and to preserve the rights, privileges and immunities guaranteed and secured to its citizens by the Constitution and laws of the State of Tennessee.  Defendant Shelby County is responsible for ensuring the establishment and enforcement of rules, regulations, policies, procedures and customs for Shelby County Sheriff's Office, including training law enforcement officers and other employees of the Shelby County Sheriff's Office.  Defendant Shelby County, Tennessee (Shelby County) is subject to suit pursuant to 42 U.S.C. 1983.

7.   At all times material hereto, William Oldham was the duly elected Sheriff of Shelby County.  As Sheriff of Shelby County, Defendant Oldham is the chief law enforcement officer and final policymaker for Shelby County who is responsible for the establishment and enforcement of the policies, practices and customs of the Shelby County Sheriff's Office. Further, as Sheriff of Shelby County, Sheriff Oldham is responsible for the training, supervision and discipline of law enforcement officers under his command.  Sheriff Oldham is under a constitutional duty to run the policing activities of the Shelby County Sheriff's Office in a lawful manner and to preserve the peace of Shelby County and to preserve the rights, privileges and immunities guaranteed and secured to citizens by the United States Constitution and the laws of the State of Tennessee.

8.   Defendant Robert Paschal was at all times relevant to this Complaint was an employee Deputy Sheriff of Sheriff Oldham, Shelby County, Tennessee and/or the Shelby County Sheriff's Office and was acting in the course and scope of his employment with Sheriff Oldham, Shelby County and/or the Shelby County Sheriff's Office or in the alternative, his individual capacity.  Defendant is also sued in his individual capacity in this cause.

9.   Defendant Marvin Wiggins was at all relevant times an employee Deputy Sheriff of Sheriff Oldham, Shelby County and/or the Shelby County Sheriff's Office and was acting in the course and scope of his employment with Sheriff Oldham, Shelby County and/or Shelby County Sheriff's Office or in the alternative, outside the scope of his employment with Defendant. Defendant Marvin Wiggins is also sued in his individual capacity.

**FACTS**

10.  On March 17, 2017, at approximately 12:00 p.m., three Shelby County Sheriff's

Deputies responded to a report and/or dispatch heard over their law enforcement radios transmitted and/or communicated from the Shelby County Sheriff's dispatcher or other sheriff's deputy or deputies, that a female subject who was obviously suffering some type of mental crisis and/or mental disorder, had called the 911 call center in Shelby County, Tennessee stating that she was depressed and suicidal, that she had a gun and was threatening to kill herself and anyone who came to her residential address and to tell them she was sorry for doing so.   Nancy Jane Lewellyn, Deceased, was the person who had called 911 on that day and made those erratic statements and she further told the 911 dispatch that she needed immediate help and her medicine.  Nancy Jane Lewellyn told and informed 911 dispatch that she was living with her adult son, who wasn't there at the time of the call and that her address was 10016 Woodland Pine Cove West in Lakeland, Tennessee.

11.  On March 17, 2017, three Shelby County Sheriff's Deputies responded to the 911 call and/or Shelby County Sheriff's Dispatch and went to 10016 Woodland Pine Cove West in Lakeland, TN.  Shelby County Sheriff's Department had never made an investigative and/or emergency call to this address prior to this date and the identity of the female who made the 911 call was unknown at the time that the three Sheriff's Deputies made the scene at 10016 Woodland Pine Cove West, which is a residential neighborhood in Lakeland, Tennessee.

12.  Shelby County Sheriff's Deputy "John Doe", whose identity is unknown to date, was the first Deputy to arrive at the scene in his Sheriff's Tahoe and he parked in front of the neighbor's driveway but he did not walk up the driveway or knock on the door at the 10016 Woodland Pine Cove West address but instead stood beside and/or behind his Tahoe and observed the home.

13.  At all relevant times to this Complaint, the weather was clear, the sun was shining and there were no obstructions to visibility or sight due to the weather or lighting outside at the

address of 10016 Woodland Pine Cove West and the immediate area around the home.

14.  Shortly after the time that Deputy "John Doe" arrived at the address, Defendant Deputy Robert Paschal first appeared at 10016 Woodland Pine Cove West.  At that time, Defendant Robert Paschal and Deputy "John Doe" did not have any information or reasonable basis for belief that the female suspect had harmed anyone at the time that they arrived at the address but Defendants knew she was definitely suffering from some type of mental illness, mental crisis and/or mental incompetence because she was threatening to kill herself by using a pistol.

15.  Defendant Marvin Wiggins was the third Shelby County Sheriff's Deputy to arrive on the scene and all three deputies parked their Shelby County issued Tahoe's in the cove to the right of the residential address located at 10016 Woodland Pine Cove West and not directly in front of it.

16.  At the time that that Defendant Marvin Wiggins arrived on the scene, Defendant Marvin Wiggins definitely knew that the female who had called 911 and/or dispatch on that day, was definitely suffering from some type of mental illness, mental crisis and/or mental incompetence. Defendant Marvin Wiggins did not have any information or reasonable basis for belief that the female and/or Nancy Jane Lewellyn had harmed anyone at that time.

17.  On March 17, 2017, Deputy "John Doe", Defendant Robert Paschal and Defendant Marvin Wiggins saw Nancy Jane Lewellyn, Deceased come out of the front door of the home located at 10016 Woodland Pine Cove West and she turned right off of her front door step to walk on the sidewalk leading to the driveway where her car was parked.

18.  At the time that Nancy Jane Lewellyn walked on the sidewalk leading to the driveway, she was walking away from Defendant Robert Paschal, Defendant Marvin Wiggins and Deputy "John Doe".

19. At the time that Nancy Jane Lewellyn was walking down the sidewalk leading to the driveway and walking away from Defendant Robert Paschal, Defendant Marvin Wiggins and Deputy "John Doe", she was holding a BB gun and not a real gun in her right hand but not pointing the BB gun at anyone.

20. Immediately before and at the time that Defendant Robert Paschal first fired his semi automatic pistol at Nancy Jane Lewellyn, Deceased, she had never pointed the BB gun at any of the three sheriff's deputies or any member of the public in the immediate area.

21. Immediately before and at the time that Defendant Robert Paschal first fired his semi automatic pistol at Nancy Jane Lewellyn, Deceased, she was walking towards her car parked in the driveway to place the BB gun on the hood of her car and Nancy Jane Lewellyn, Deceased was walking down the sidewalk towards her car, away from Defendants Robert Paschal and Marvin Wiggins and Deputy John Doe, not pointing the gun at Defendants or anyone else at the time that she was first shot by Defendant Robert Paschal.

22. Immediately prior to and at the time that Defendant Robert Paschal first fired his semi automatic weapon at Nancy Jane Lewellyn, Deceased, neither Defendant Robert Paschal, Defendant Marvin Wiggins nor Deputy "John Doe" had identified themselves as Shelby County Sheriff's Deputies nor had any of the three given any commands to Nancy Jane Lewellyn, Deceased to drop the BB gun she had in her hand or any other commands of any type.

23. Immediately prior to and at the time that Defendant Robert Paschal first fired his semi automatic weapon at Nancy Jane Lewellyn, Deceased, neither Defendant Robert Paschal, Defendant Marvin Wiggins nor Deputy "John Doe" had attempted to talk to or communicate with Nancy Jane Lewellyn, Deceased who was obviously suffering from mental illness, mental crisis and/or mental disorder on that date of the shooting nor was any mental health professional

7

called to the scene prior to the shooting in an attempt to deescalate the situation by using mental health tools, experts and/or communication and/or using space and time as a tool to deescalate the situation in attempt to avoid the use of deadly force in dealing with an obvious situation where Nancy Lewellyn, Deceased was suffering from mental illness and mental crisis on that date.

24.  Prior to and at the time that Defendant Robert Paschal and Defendant Marvin Wiggins fired their Shelby County issued semi automatic weapons at Nancy Jane Lewellyn, Deceased, she had never pointed the BB gun at either Defendant or Deputy 'John Doe" or anyone else nor had any commands been given by either Defendant or Deputy "John Doe" to drop the BB gun.

25.  On March 17, 2017, Robert Paschal fired two shots at Nancy Jane Lewellyn from his semi automatic pistol while she was walking down the sidewalk leading to the driveway where she was going to place the BB gun on the hood of her car.

26.  After Defendant Robert Paschal fired the first two shots at Nancy Jane Lewellyn, Deceased, she hurriedly walked to her car parked in the driveway and visibly placed the BB gun on the hood of her car in an obvious attempt to surrender to the Defendants and Deputy "John Doe".

27.  After Nancy Jane Lewellyn, Deceased obviously and in plain sight, placed the BB gun on the hood of her car, surrendered and attempted to walk away from the BB gun, Defendant Robert Paschal and Defendant Marvin both shot the visibly and obviously unarmed Nancy Lewellyn multiple times with their semi automatic weapons, a minimum of four times in violation of the United States Constitution.

28.  After Nancy Jane Lewellyn, Deceased obviously and in plain sight, placed the BB gun on the hood of her car, surrendered, attempted to walk away and being shot multiple times by Defendants Robert Paschal and Marvin Wiggins, Nancy Jane Lewellyn fell to the ground on her

concrete driveway completely unarmed and after surrendering, where Defendants Robert Paschal and Defendant Marvin Wiggins again fired multiple more shots from their semiautomatic weapons at Nancy Jane Lewellyn, Deceased who was unarmed, had surrendered and laid helpless on the ground striking her multiple times in violation of the United States Constitution and directly and proximately causing her premature death by homicide on March 17, 2017.

29.  Nancy Jane Lewellyn was fifty nine years old and weighed approximately one hundred and thirty pounds on March 17, 2017 at the time of the shooting and her resulting death.

30.  An autopsy performed after the death of Nancy Jane Lewellyn found and concluded that she had been shot no less than eight (8)times with four (4) shots being to her back, with the manner of death being ruled homicide.

31.  Immediately prior to and at the time of Nancy Jane Lewellyn, Deceased being shot no less than eight times by Defendants Robert Paschal and Marvin Wiggins, Nancy Jane Lewellyn did not pose a threat of serious bodily injury or death to Defendant Robert Paschal or Defendant Marvin Wiggins nor did she pose a threat of serious bodily injury or death to Deputy "John Doe" nor did Nancy Jane Lewellyn, Deceased pose an immediate threat to cause death or serious bodily injury to any person or member of the public in Shelby County, Tennessee.

32.  Rather than attempt to deescalate the situation in which Defendants and Defendant's Shelby County Sheriff Deputies came into contact with Nancy Jane Lewellyn, Deceased on March 17, 2017, who was clearly suffering from mental illness and/or incompetence and/or mental crisis by calling 911 to threaten suicide, alternative means of interactions such as crisis intervention with Nancy Jane Lewellyn, Deceased should have been attempted prior to using deadly force.

33.  Defendants should have used alternative methods of resolving and/or deescalating the

situation where Nancy Jane Lewellyn was clearly in an state of emotional and/or mental crisis and/or mental illness prior to being shot multiple times and killed on March 17, 2017.

34.  As a direct and proximate result and/or cause of Defendants Paschal and Wiggins along with the other Sheriff's deputy, in failing to evaluate the situation, lack of risk posed by Nancy Jane Lewellyn, Deceased and failure to take the time to attempt proper crisis intervention with Nancy Jane Lewellyn, Deceased who was obviously suffering from mental crisis, incompetence and/or mental illness, Defendants and the other Sheriff's Deputies confronted Nancy Jane Lewellyn with their guns drawn and pointed at her further escalating the situation and probable use of deadly force by Defendants on that date.

35.  Regardless, it is undisputable that immediately after Defendant Robert Paschal fired the first two shots at Nancy Jane Lewellyn, Deceased, she obviously and in plain view surrendered and walked to the front of her car and placed the BB gun on the hood of the car and walked away from the car with no weapon of any type in her hands but was subsequently shot by Defendant Robert Paschal and Defendant Marvin Wiggins multiple times as she walked and/or stood without any weapon of any type.

36.  Regardless, it is undisputable that immediately after Defendant Robert Paschal fired the first two shots at Nancy Jane Lewellyn, Deceased and after Nancy Jane Lewellyn, who was then unarmed with any weapon, was shot while standing and/or walking away from the car after she placed the BB gun on the hood of the car, and after falling down in the driveway, she was again also shot multiple times by Defendants Robert Paschal and Marvin Wiggins, after she had surrendered and fallen to the ground, unarmed and entirely helpless, with four shots being to the back of Nancy Jane Lewellyn, Deceased, directly and proximately causing her death by murder.

37. Defendant Robert Paschal and Defendant Marvin Wiggins continued to shoot at Nancy Jane Lewellyn after she had surrendered, obviously and in plain sight, placed the BB gun on the hood of her parked car in the driveway and then walked away from it and she could not threaten or be a threat to Defendants or anyone else on the scene, thus escalating the situation and creating the highly probable situation that lethal force and excessive force would be and was used by Defendants against Nancy Jane Lewellyn, which was done when Defendants Paschal and Wiggins fired their pistols at Nancy Jane Lewellyn, Deceased with the intent to kill her, which they intentionally and ultimately did.

38. Totally unarmed after surrendering and walking away from the BB gun which she placed on the hood of her car, Nancy Jane Lewellyn did not threaten or constitute an imminent threat of death or serious bodily injury to Defendant Robert Paschal or Defendant Marvin Wiggins or Deputy "John Doe" or any member of the general public.

39. Defendant Paschal shot his weapon six (6) times at Nancy Jane Lewellyn and Defendant Marvin Wiggins fired his weapon four (4) times with their shots and bullets striking Nancy Jane Lewellyn no less than eight (8) times, with bullets striking Nancy Jane Lewellyn, Deceased in her body and torso, both arms, her hand and four (4) bullets and shots to her back proximately causing the indescribable pain and suffering and premature death and damages of Nancy Jane Lewellyn, resulting and caused by Defendants' violations of Nancy Jane Lewellyn's constitutional rights under the Fourth Amendment to the United States Constitution.

40. Defendants unconstitutionally used and exercised unlawful lethal force by shooting Nancy Jane Lewellyn, Deceased, eight times with four shots to her back, proximately and directly causing the constitutional violations of the Fourth Amendment to the United States Constitution resulting in an unlawful seizure of Nancy Jane Lewellyn, Deceased by acts of

unconstitutional excessive force under the color of law by Defendants and proximately causing the Wrongful Death of Nancy Jane Lewellyn, Deceased on March 17, 2017, economic damages, funeral bills, extreme pain and suffering, loss of enjoyment of life and Plaintiff's loss of consortium claim.

41. On March 17, 2017, Defendants Robert Paschal and Marvin Wiggins and Deputy "John Doe" used suboptimal, dangerous tactics that place Shelby County Sheriff's Deputies such as Defendants in situations where deadly force is used unconstitutionally and the accompanying risk of unnecessary injury to officers and/or deputies and civilians increases and occurs on a regular basis at the Shelby County Sheriff's Department.

42. Immediately before and at the time that Defendants Robert Paschal and Marvin Wiggins shot Nancy Jane Lewellyn, Deceased multiple times, with four shots to her back in violation of her constitutional rights, Deputy "John Doe" made an informed and conscious decision not to shoot Nancy Jane Lewellyn because she was not posing an immediate threat of causing the death or serious bodily injury to any of the Shelby County Sheriff's Deputies present on the scene, including but not limited to Defendant Robert Paschal, Defendant Marvin Wiggins, Deputy "John Doe" or any other person or member of the public.

43. At the time of the shooting, Nancy Jane Lewellyn, Deceased did not pose an immediate threat to cause the death or serious bodily injury to the Defendants Paschal or Wiggins or Deputy "John Doe" or any other Shelby County Sheriff's Deputy on the scene or any citizen or member of the general public.

44. If Nancy Jane Lewellyn, Deceased had posed an immediate or imminent risk of death or serious bodily injury at the time of the shooting to Defendant Robert Paschal, Defendant Marvin Wiggins or Deputy "John Doe" or any member of the general public, Deputy "John Doe" would

have had a duty to shoot and would have been required to also shoot Nancy Jane Lewellyn but Deputy "John Doe" did not shoot Nancy Jane Lewellyn, Deceased because she did not pose an imminent or immediate threat of death or serious bodily injury to anyone and therefore no reasonable grounds or constitutional basis existed to do so under the circumstances..

45. Three Shelby County Sheriff's Deputies were on the scene at the time that Nancy Jane Lewellyn was shot by Defendants Robert Paschal and Marvin Wiggins but the other Shelby County Sheriff's Deputy, Deputy "John Doe" did not shoot Nancy Jane Lewellyn which places the decision to shoot Nancy Jane Lewellyn by Defendants Robert Paschal and Marvin Wiggins in dispute and presents conflicting evidence against the Defendants' decision to shoot and kill Nancy Jane Lewellyn.

46. At the time that Defendants Robert Paschal and Marvin Wiggins used lethal force and shot Nancy Jane Lewellyn multiple times, they did not have probable cause or a reasonable and/or objective basis to believe that Nancy Jane Lewellyn posed a threat of death or serious bodily injury to themselves or any of the Shelby County Sheriff's Deputies or the public in violation of Nancy Jane Lewellyn's constitutional right to be free from unlawful and unconstitutional excessive force and unconstitutional seizure under the Fourth Amendment of the United States.

47. Defendants Robert Paschal and Marvin Wiggins acted intentionally and/or with deliberate indifference and reckless disregard to the known constitutional rights of Nancy Jane Lewellyn, Deceased in shooting her on March 17, 2017, directly, legally and proximately causing her Wrongful Death on March 17, 2017 and damages and resulting constitutional violations.

48. As a direct and proximate result of Defendants Robert Paschal and Marvin Wiggins shooting Nancy Jane Lewellyn multiple times on March 17, 2017 and violating her constitutional rights, Nancy Jane Lewellyn, Deceased, suffered no less than eight gun shot wounds, with four gun shot

wounds to her back, causing severe and fatal injuries that directly, legally and proximately caused Nancy Jane Lewellyn's indescribable extreme pain and suffering and premature death on March 17, 2017.

49. Defendants Robert Paschal and Marvin Wiggins never identified a specific threat from Nancy Lewellyn at the time Nancy Lewellyn was shot nor prior to firing the eight shots that hit Nancy Lewellyn.

50. At all times material to this Complaint, Defendants Paschal and Wiggins had no knowledge or information that the decedent had caused harm to anyone and Nancy Lewellyn was never charged with any crime on March 17, 2017.

51. Rather than standing at a safe distance from Nancy Lewellyn, requesting additional back up, mental health assistance or using non lethal force. Defendants Paschal and Wiggins used inappropriate, unwarranted, unreasonable, excessive and unjustifiable lethal force against Nancy Lewellyn, Deceased in violation of her constitutional rights under the Fourth Amendment to the United States Constitution and said constitutional violations directly and proximately caused the Wrongful Death and all other damages to Nancy Lewellyn and loss of consortium to Plaintiff.

52. Defendants Paschal and Wiggins improperly escalated this situation with Nancy Lewellyn and used deadly force without a proper investigation, without provocation and without using alternative measures to deadly force such as pepper spray, baton, taser and/or mental health intervention.

53. The decedent suffered extreme pain and suffering and lost her life as a result of the eight (8) gunshot wounds inflicted, with four (4) gunshot wounds to her back, as a result of the actions or inactions of Defendants Paschal and Wiggins.

54. As a direct and proximate cause and/or result of the actions and/or omissions of Defendants, Nancy Jane Lewellyn, Deceased, suffered extreme pain and suffering and suffered a premature death as the direct, proximate and legal cause of the violations of her constitutional rights.

55. It was foreseeable that the decedent and her family would sustain significant damages and devastating loss as a result of the actions and omissions of Defendants.

56. At all times relevant hereto, Defendants Paschal and Wiggins were acting in their official capacity as law enforcement officers for the Shelby County Sheriff's Office and Defendants and acting under color of state law.

57. Alternatively, at all times relevant to the Complaint herein, Defendants Paschal and Wiggins were acting in their individual capacities.

58. The policies, practices, customs and training of Defendant Shelby County were the driving force behind the deprivation of constitutional rights sustained by Nancy Jane Lewellyn, Deceased.

59. Defendant Shelby County has created a custom and pattern of practice of exonerating and/or promoting deputies and/or officers who use excessive force and have allowed Shelby County Sheriff's Deputies to believe that they may violate the civil rights of its citizens as long as they allege that they thought the victim had a weapon or thought he was an immediate threat to the officers and/or public.

60. By failing to provide proper training and counseling for its officers, and by failing to conduct appropriate investigations and implement appropriate disciplinary action in situations where its officers violate the civil rights of its citizens, Defendant Shelby County has created an environment within the Sheriff's department where officers believe that they can do whatever

they want, whenever they want, to whoever they want, irrespective of the United States Constitution.

61. Defendant Shelby County's policies, customs, training and practices failed to properly train, educate and supervise Shelby County Sheriff's Deputies when dealing with the mentally ill and/or individuals such as Nancy Jane Lewellyn, Deceased, suffering a mental crisis and/or mental disorder, directly, legally and proximately causing the constitutional violations alleged herein and causing the resulting Wrongful Death and resulting damages of Nancy Lewellyn.

## CIVIL RIGHTS VIOLATIONS AGAINST ALL DEFENDANTS

62. The allegations set forth in the previous paragraphs are adopted and incorporated herein by reference.

63. Defendants committed the above described actions and omissions under color of law and under color of their authority as law enforcement officers, substantially depriving the decedent of her rights, privileges and immunities guaranteed to her as a citizen of the United States in violation of 42 U.S.C. Section 1983 and deprived her of rights guaranteed to her by the United States Constitution including but not limited to the Fourth Amendment. Specifically, Nancy Jane Lewellyn was deprived of her rights including but not limited to freedom from unlawful seizure of her person, freedom from the use of unjustified and excessive force.

64. At the time of the shooting of Nancy Jane Lewellyn, Defendant Shelby County had no proper policy or custom regarding handling individuals with mental illness and/or suffering with a mental crisis such as Nancy Jane Lewellyn, how to not escalate a situation with someone suffering from a mental crisis and did not provide adequate training and supervision in the

appropriate manner and means to handle such situations as the one encountered with Nancy Lewellyn on March 17, 2017 as alleged in this Complaint.  Even if the Defendant Shelby County had a policy, custom and/or practice regarding such situations, the Defendant Shelby County improperly trained and/or supervised it officers and/or deputies, thereby allowing such police misconduct to occur.

65.  The unreasonable and excessive force used against Nancy Jane Lewellyn, Deceased, by Defendants Paschal and Wiggins in the form of multiple gunshots fired, including four shots to her back and hitting Nancy Lewellyn, deprived her from her Constitutional right to be free from unreasonable and excessive deadly force and unreasonable seizure through means intentionally applied under the Fourth Amendment of the United States Constitution.  Plaintiff avers and alleges that Defendants Paschal and Wiggins knew to a moral certainty that the shots fired at Nancy Jane Lewellyn, Deceased, as means intentionally applied to seize her were likely to cause severe injury or death to Nancy Lewellyn, which it did on March 17, 2017.

66.  Defendants Paschal and Wiggins were not justified in their use of deadly force and further could not have believed in good faith that deadly force was warranted.

67.  The injuries and premature death of Nancy Jane Lewellyn could have been avoided had the Defendant Shelby County provided adequate training as to the proper use of excessive force and/or handling a situation with an individual with mental illness and/or mental crisis.

68.  Defendants were on notice of the constitutional violations alleged herein by Defendants Shelby County Sheriff's Deputies.

69.  As a direct and proximate cause and/or result of the actions and omissions of Defendants, Nancy Jane Lewellyn was killed and her rights under the Fourth Amendment of the United States Constitution were violated and she suffered damages accordingly.

70. On or about March 17, 2017, Defendants violated the constitutional rights of Nancy Lewellyn, Deceased, when Deputies Paschal and Wiggins, acting under color of state law, used excessive force and violated the constitutional rights of Nancy Jane Lewellyn when Defendants Paschal and Wiggins shot Nancy Jane Lewellyn, Deceased, no less than eight (8) times, with four (4) gunshots to her back, using unlawful and unconstitutional excessive force under the Fourth Amendment to the United States Constitution when Nancy Jane Lewellyn, Deceased, did not pose an immediate threat of death or serious bodily injury to the Defendants, nor any of the Sheriff's Deputies on the scene nor did Nancy Jane Lewellyn, Deceased, pose an immediate threat of death or serious bodily injury to any member of the public or any other person in Shelby County, Tennessee at the time of the shooting on March 17, 2017, directly and proximately causing the Wrongful Death and all damages of Nancy Jane Lewellyn and Plaintiff's loss of consortium claim.

71. Plaintiff alleges that Defendant Shelby County's customs, policies and practices directly and proximately caused the Defendants to violate the constitutional rights of Nancy Jane Lewellyn, Deceased, which directly and proximately caused the Defendants Robert Paschal and Marvin Wiggins to shoot Nancy Lewellyn, Deceased on March 17, 2017, proximately and directly causing her Wrongful Death, Constitutional Violations and resulting damages.

72. Plaintiff alleges that Defendant Shelby County did not train its officers and deputies as to how to properly handle individuals such as Nancy Jane Lewellyn, Deceased, who are obviously suffering mental illness, mental disorder and/or mental crisis, how not to escalate a situation such as the one presented in this lawsuit where the suspect is obviously suffering mental illness and/or mental crisis and how to appropriately deal with such a situation such as through proper crisis intervention, allowing proper space to the suspect and attempting meaningful verbal conversation

18

with suspect and not directly confronting, surrounding and/or cornering a suspect with guns aimed at the suspect.

73.  Plaintiff alleges that Defendants' violations of Nancy Jane Lewellyn's constitutional rights regarding her Fourth Amendment Right to be free from unlawful seizures and/or excessive force, directly, legally and proximately caused the Wrongful Death and resulting Constitutional damages of Nancy Jane Lewellyn, Deceased and Plaintiff in this cause.

## DAMAGES

As a direct and proximate cause and/or result of the alleged constitutional violations, and Wrongful Death violation by Defendants against Nancy Lewellyn, Nancy Jane Lewellyn died on March 17, 2017 and Plaintiff was injured for life.  Plaintiff seeks all compensatory damages available under the law including but not limited to extreme pain and suffering of Nancy Lewellyn, Deceased, funeral expenses, medical expenses, pecuniary value of the life of Nancy Jane Lewellyn and the loss of society and companionship and consortium for Plaintiff.

**PREMISES CONSIDERED Plaintiff prays and demands as follows:**

1. That a copy of this Complaint be served upon the named Defendants and that they be required to answer this Complaint.

2. That Plaintiff be awarded compensatory damages in the amount of $10,000,000.00 (Ten Million Dollars)

3. That Plaintiff be awarded punitive damages in the amount of $10,000,000.00 (Ten Million Dollars)

4. That Plaintiff have such other relief, both general and specific to which she may be entitled to at law or equity plus attorney fees, interest and the costs of this cause.

4. That Plaintiff be awarded all reasonable attorney fees and costs in this cause.

**JURY TRIAL DEMANDED**

Respectfully submitted,

/s/ Daniel A. Seward
Daniel A. Seward  (#13411)
Seward Law Firm
Attorney for Plaintiff
4510 Chickasaw Road
Memphis, TN 38117
(901) 647-5848