# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JASON CUNNINGHAM, Individually and as Adult Natural Son and Sole Wrongful Death Beneficiary and Next of Kin, Affiant and Administrator Ad Litem and Personal Representative for Nancy Jane Lewellyn, Deceased and Estate of Nancy Jane Lewellyn, <br><br> Plaintiff, <br><br> v. <br><br> SHELBY COUNTY, SHERIFF WILLIAM OLDHAM, ROBERT PASCHAL, Individually and in his official capacity as a Shelby County Sheriff's Deputy, MARVIN WIGGINS, Individually and in his official capacity as a Shelby County Sheriff's Deputy, <br><br> Defendants. | No. 2:18-cv-02185-TLP-dkv <br><br> JURY DEMAND |

## ORDER GRANTING DEFENDANTS WIGGINS' AND PASCHAL'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Defendants, Robert Paschal and Marvin Wiggins, Officers with the Shelby County Sheriff's Office, move for partial judgment on the pleadings in this wrongful death lawsuit because Plaintiff sues them in their official capacity so any allegation against them falls under the claim against Shelby County, Tennessee. (ECF No. 30.) For the reasons below, the Court GRANTS the Motion without prejudice.

## BACKGROUND

Under 42 U.S.C. § 1983, Plaintiff seeks damages for the alleged wrongful shooting death of Nancy J. Lewellyn. (ECF No. 1.) Members of the Shelby County Sheriff's Department allegedly shot Ms. Lewellyn and killed her on March 17, 2017. (*Id.*)

Defendants, Paschal and Wiggins, move for partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure arguing that the official capacity claim against them should be dismissed as redundant because Shelby County, Tennessee is already a defendant. (ECF No. 30.) In response, Plaintiff asserts that it is too premature to grant such a motion, because discovery is not complete and the parties may still file amended pleadings. (ECF No. 40.)

But at the Scheduling Conference here, Plaintiff's counsel agreed that, as long as Shelby County, Tennessee is a party in the litigation, Plaintiff had no basis to pursue claims against the officers in their official capacity.

## ANALYSIS

Defendants seek partial judgment in their favor under Federal Rule of Civil Procedure 12(c). After the pleadings close, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A court analyzes a motion under Rule 12(c) as it would for a motion under Rule 12(b)(6). *See Thomas & Betts Intern. LLC v. Burndy LLC*, 2015 WL 5944387 at *1 (W.D. Tenn. 2015). Thus, to survive a motion under Rule 12(c), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017).

Courts assess whether a complaint states a claim upon which relief can be granted under the standards for Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and in *Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 555–557 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 Fed.3d 380, 383 (6th Cir. 2011) (*quoting Iqbal*, 556 U.S. 681).

To survive a Motion to Dismiss under 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 Fed.3d 571, 575 (6th Cir. 2017).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Direct TV vs. Treesh*, 487 Fed.3d 471, 476 (6th Cir. 2007). "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Herhold v. Green Tree Services, LLC*, 608 F.App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland*, 319 Fed.3d 853, 855 (6th Cir. 2003)). "Dismissal of the action is proper if there is an absence of law to support the type of claim made, if the facts alleged are insufficient to state a valid claim, or if, on the face of the complaint, there is an insurmountable bar to relief." *Doe v. Ohio*, No. 2:91-cv-464, 212 WL 12985973, at *5 (S.D. Ohio February 12, 2012) (citations omitted).

## DISCUSSION

**Cunningham's Official Capacity Claim Against Officers**

Claims against government officials in their official capacity amount to a suit against the governmental entity. *Leach v. Shelby County Sheriff*, 891 Fed.2d 1241, 1245–46 (6th Cir. 1990) (holding that the plaintiff's suit against the Mayor and the Sheriff of Shelby County in their official capacities was "essentially and for all purposes a suit against the County itself"); *see also Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)("official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (*quoting Monell v. Department of Social Services of New York*, 436 U.S. 658, 690 N.55 (1978)).

Because Plaintiff named Shelby County as a Defendant, Cunningham need not sue Officers with the Sheriff's Office in their official capacity, as well. *Foster v. Michigan*, 573 Fed. App'x 377, 390 (6th Cir. 2014) ("where the entity is named as a defendant, an official capacity claim is redundant.")  Thus, Cunningham's claims against Officers Pashcal and Wiggins in their official capacity are construed as claims against their employer, Defendant, Shelby County, Tennessee.  As a result, the claims against Defendants Paschal and Wiggins in their official capacity is DISMISSED with prejudice.

## CONCLUSION

For these reasons, the Court GRANTS Defendants Paschal's and Wiggins' Motion for Partial Judgment on the Pleadings with prejudice.

**SO ORDERED**, this 7th day of November, 2018.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE