IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JASON CUNNINGHAM, Individually and as Adult Natural Son and Sole Wrongful Death Beneficiary and Next of Kin, Affiant and Administrator Ad Litem and Personal Representative for Nancy Jane Lewellyn, Deceased and Estate of Nancy Jane Lewellyn, <br><br> Plaintiff, <br><br> v. <br><br> SHELBY COUNTY, SHERIFF WILLIAM OLDHAM, ROBERT PASCHAL, Individually and in his official capacity as a Shelby County Sheriff's Deputy, MARVIN WIGGINS, Individually and in his official capacity as a Shelby County Sheriff's Deputy, <br><br> Defendants. | No. 2:18-cv-02185-TLP-dkv <br><br> JURY DEMAND |

**LIMITED SCHEDULING ORDER GRANTING IN PART AND DENYING IN PART MARVIN WIGGINS'S AND ROBERT PASCHAL'S MOTION TO STAY DISCOVERY**

The Court held a status conference in this case on July 17, 2019. Currently pending before the Court are two motions filed by Defendants Wiggins and Paschal: (1) a Motion for Summary Judgment based on qualified immunity (ECF 61); and (2) a Motion to Stay Discovery pending a ruling on qualified immunity (ECF 62). The Court GRANTS in part and DENIES in part the Motion to Stay and will not yet rule on the Motion for Summary Judgment.

The Plaintiff alleges that Defendants Wiggins and Paschal violated Nancy Lewellyn's constitutional rights when they used deadly force against her on March 17, 2017. (ECF 1.)

Dashcam video footage exists in this case, which both parties now have.  Wiggins and Paschal now move for summary judgment asserting qualified immunity based on the video evidence.  Plaintiff argues that he needs discovery about the shooting to adequately respond to the motion for summary judgment.  Considering the entire record in this cause, including the video of the shooting, the Court finds it appropriate and necessary to allow Plaintiff to conduct limited discovery on the issue of qualified immunity before responding to the Motion for Summary Judgment.  *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998).

When the court has determined some discovery is necessary to address the qualified immunity issue, this Court and other district courts in the Sixth Circuit have ordered that discovery be limited to the facts necessary to determine only that issue.  *See Marshall v. Decatur Cty. Gen. Hosp.*, No. 08-01159-JDB, 2009 WL 3757712, at *2 (W.D. Tenn. Jan. 30, 2009) (limiting discovery to two (2) hour deposition of Defendant regarding qualified immunity); *Adams v. Blount Cty., Tennessee*, No. 3:17-CV-00313, 2018 WL 4870604, at *3 (E.D. Tenn. June 21, 2018) ("The court will allow only so much discovery as will establish what happened when officers stopped and attempted to arrest Edwards.")

Under the Sixth Circuit's segmenting analysis, the parties need to explore the facts about Wiggins's and Paschal's use of force as to Ms. Lewellyn including the eleven-second encounter they had with her from the moment the dispatcher issued the call to the moment the last shot that was fired, along with the information they had at that time.  *See Greathouse v. Couch*, 433 F. App'x 370, 372 (6th Cir. 2011) (under the segmenting rule, a court must "'carve up' the events surrounding the challenged police action and evaluate the reasonableness of the force by looking only at the moments immediately preceding the officer's use of force"—an approach that

"applies even to encounters lasting very short periods of time.") (citation omitted).  Therefore, the following dates and parameters are hereby established:

a. Plaintiff shall have 60 days from the entry of this Order to take the depositions of Defendants Wiggins and Paschal. [1]  Plaintiff is also permitted to depose the medical examiner regarding Ms. Lewellyn's autopsy.  But the depositions of Defendants shall be limited to the following topics: their use of force against Nancy Lewellyn on March 17, 2017 and the information they had regarding Ms. Lewellyn from the moment dispatch issued a call to respond to Ms. Lewellyn's house to the moment either deputy fired their last shot (this timeframe is hereinafter referred to as the "Relevant Timeframe").  Each deposition shall be limited to 4 hours (not including breaks), and will focus on events that happened during the Relevant Timeframe and knowledge the two Defendants had during the Relevant Timeframe.  Wiggins and Paschal (through counsel) may object to questions asked that are outside the scope of the Relevant Timeframe and may refuse to answer (and their counsel may instruct them not to answer) such questions.  If, after Wiggins, Paschal, or their counsel have made an objection on that basis and the parties cannot agree as to the propriety of the objection, the parties should call the assigned District Judge to resolve the dispute.

b. At the conclusion of the 60 days described above, Wiggins and Paschal shall have 30 days to file an Amended Motion for Summary Judgment based on qualified immunity in light of Plaintiff's limited discovery, or to elect not to amend their currently-pending Motion.

---

[1] Plaintiff also seeks to take the deposition of a third deputy who was on the scene.  At this time, however, the Court finds it unnecessary to depose the third deputy because he did not fire his weapon.  Further, there is a video of the shooting at issue.  And Wiggins's and Paschal's depositions will show what they perceived as happening and what they knew beforehand.  But the third deputy's testimony would not inform either topic.

    Plaintiff will then have 30 days to file a Response in Opposition, and Wiggins and Paschal will then have 14 days to file a Reply Brief.

c. All other discovery not described above shall be stayed pending a ruling from this Court as to Wiggins and Paschal's assertion of qualified immunity.

    These deadlines shall not be extended absent a showing of good cause.

    **SO ORDERED**, this 6th day of August, 2019.

                                                  s/ Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE